# Brendley v. Rohm & Haas Company

C.P. of Philadelphia County, August Term 2005, no. 1918.

*Aaron J. Freiwald,* for plaintiff.
*Dennis R. Suplee, Ralph G. Wellington, Samuel W. Silver* and *Jennifer A. Lynch-Battle,* for defendant.

BERNSTEIN, *J.,* March 30, 2006—This is a case of first impression in which plaintiff filed a class action lawsuit for medical monitoring due to an increased risk of deadly brain cancer on behalf of past and present employees of defendant Rohm & Haas who worked at the Spring House Research Facility. Defendant filed preliminary objections claiming this medical monitoring action is barred by the exclusivity provisions of the Workmen's Compensation Action. No Pennsylvania court has ever ruled on the question of whether a medical monitoring claim must or even may be presented through workmen's compensation.

The Workmen's Compensation Act exclusivity provision states: "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employe[e]s."[1] As per injuries, the Workmen's Compensation Act says: "Injury and personal injury, as used in this act, shall be construed to mean an injury to an employe[e], regardless of his previous physi-

---

1. 77 P.S. §481.

cal condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury."[2] Although the Supreme Court has never directly approached the topic, some cases are informative regarding the definition of what constitutes an "injury" under the Workmen's Compensation Act. In *Creighan v. Firemen's Relief and Pension Fund Board,* 397 Pa 419, 155 A.2d 844 (1959), a fireman filed an action in mandamus against defendant for pension benefits because he contracted tuberculosis as a result of his duties and subsequently became totally disabled. The Supreme Court emphasized that the "word 'injury,' in ordinary modern usage, is one *of very broad designation*" and defined the term "injury" contained in section 411 of the Workmen's Compensation Act as including "whatever lesion or change in any part of the system produces harm or pain, or a lessened facility of the natural use of any bodily activity or capability." The Supreme Court in *Creighan* further elaborated that the word injury's "common and approved usage extends to and includes any hurtful or damaging effect which may be suffered by anyone." Quoting the precise language of *Creighan,* the Supreme Court of Pennsylvania reaffirmed this broad definition of "injury" in *Pawlosky v. Workmen's Compensation Appeal Board,* 514 Pa. 450, 525 A.2d 1204 (1987).

The only relevant appellate decision offering the possibility of medical monitoring payments pursuant to the Workmen's Compensation Act is *Jackson Township Volunteer Fire Company v. W.C.A.B. (Wallet),* 140 Pa.

---

2. 77 P.S. §411.

Commw. 620, 594 A.2d 826 (1991). The plaintiff, an ambulance attendant, was exposed to blood and bodily fluids infected with the AIDS virus and hepatitis B during his employment. At the direction of a physician, the plaintiff had a series of tests to detect for AIDS and hepatitis B and received precautionary injections to kill the hepatitis virus. The fire company and its insurer denied his claim for reimbursement for medical costs incurred. The Workers' Compensation referee required payment. The Commonwealth Court affirmed the referee's decision, holding that the fire company should pay for the tests and immunizations because "persons exposed to a serious risk of contracting a disease which is commonly known to be highly contagious/infectious and potentially deadly, have been 'injured' for the purpose of receiving compensation under the Act." *Id.* at 625, 594 A.2d at 828. The court specifically noted that "only those persons exposed to a real and serious risk of contracting highly contagious/infectious and potentially deadly diseases are entitled to compensation." *Id.* at 625-26, 594 A.2d at 829.

While not involving either a contagious or infectious disease, the issue concerning the medical monitoring claims presented in the present case can be analyzed by the logic of the *Jackson* decision. The class members herein claim that exposure to toxic agents in the workplace has made them "at risk for developing brain cancer" and therefore a specific medical regimen they label "medical monitoring" is medically warranted. They claim that an elevated rate of glioblastoma at the Spring House Research Facility has resulted in 12 employees being diagnosed with malignant brain cancer. The plaintiffs' claims are precisely analogous to the claims in *Jackson*

where occupational exposure to toxic blood made the plaintiff at risk for developing AIDS and hepatitis B. The proactive medical testing and precautionary preventative emergency room care provided to the plaintiff in *Jackson* was covered by workers' compensation because it was necessitated by his occupational exposure to diseased blood. Similarly, the medical monitoring and preventative tests that plaintiffs in this case need are exclusively the result of their occupational exposure to toxic agents at the Spring House Research Facility. The Commonwealth Court in *Jackson* held that such preventative testing, as is needed by the plaintiffs here, is an injury under the Workmen's Compensation Act.

Thus, as to all former employees, medical monitoring costs to detect and prevent the spread of brain cancer is an injury which is compensable under the Workmen's Compensation Act.[3]

Accordingly, the defendant's preliminary objections are sustained with leave by plaintiffs to file a workmen's compensation claim and the above captioned matter is dismissed.

---

3. The court notes that there may be a distinction between present employees, who are continuing to be exposed to the toxic agents, and former employees who are presumably no longer exposed to any substances in the workplace. However, since the two representative plaintiffs are both former employees, this potential distinction is irrelevant. A class action may not proceed without a named plaintiff whose claims are representative of the class claims. Pa. R.C.P. 1702(3).